UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINTON WAYNE REESE,

        Petitioner,

v.                                      CASE NO. 08-13701
                                       HONORABLE DENISE PAGE HOOD

MILLICENT WARREN,

        Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS,
DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Pending before the Court are petitioner Clinton Reese's habeas corpus petition and respondent Millicent Warren's motion to dismiss the petition. The Court agrees with Respondent that the habeas petition is time-barred. Accordingly, Respondent's motion will be granted and the habeas petition will be dismissed.

**I. BACKGROUND**

Following a jury trial in 1998, Petitioner was found guilty, as charged, of armed robbery, Mich. Comp. Laws § 750.529. Kent County Circuit Judge Dennis C. Kolenda sentenced Petitioner as a habitual offender to life imprisonment. In an appeal of right, Petitioner argued that the trial court (1) committed reversible error when it failed to instruct the jury on unarmed robbery and (2) abused its discretion by sentencing Petitioner to life imprisonment where no one was injured or permanently harmed. The Michigan Court of Appeals affirmed Petitioner's conviction in a published opinion, holding that Petitioner's

sentence did not violate the principle of proportionality and that, although the trial court erred in refusing to instruct the jury on unarmed robbery, the error was harmless. *See People v. Reese*, 242 Mich. App. 626; 619 N.W.2d 708 (2000).

Petitioner raised the same issues in the Michigan Supreme Court, which granted leave to appeal only the issue about the jury instructions. On July 9, 2002, the state supreme court affirmed Petitioner's conviction after concluding that the trial court did not err in refusing to give a jury instruction on unarmed robbery. *See People v. Reese*, 466 Mich. 440; 647 N.W.2d 498 (2002).[1]

Petitioner filed his undated habeas corpus petition on August 27, 2008. The sole ground for relief alleges that the trial court violated Petitioner's Sixth and Fourteenth Amendment rights by refusing to read a jury instruction on the lesser-included offense of unarmed robbery.

## II. DISCUSSION

Respondent argues that Petitioner's claim is barred from substantive review by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which established a one-year period of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Justices Marilyn Kelly and Michael F. Cavanagh concurred in part and dissented in part.

>   **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner is not asserting a newly recognized constitutional right, and he is not relying on newly discovered facts. Nor has he shown that a state-created impediment prevented him from filing a timely habeas petition. Therefore, the statute of limitations runs from the date that Petitioner's conviction became final.

Petitioner's conviction became final under 28 U.S.C. § 2244(d)(1)(A) on October 7, 2002, when the ninety-day deadline expired for seeking a writ of certiorari in the United States Supreme Court. *Jimenez v. Quarterman*, __ U. S. __, __, 129 S. Ct. 681, 685-86, 172 L.Ed.2d 475 (2009); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The deadline for filing a timely habeas corpus petition expired one year later on October 7, 2003. Petitioner filed his habeas petition over four years later in August of 2008. Therefore, his petition is untimely, absent tolling.

Petitioner urges the Court to equitably toll the limitation period on the ground that he was unable to acquire promptly the transcript of his trial. Equitable tolling applies to the statute of limitations in appropriate cases. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed.2d 669 (2005 ) (citing *Irwin v. Dep't of Veterans Affairs*, 498

U.S. 89, 96, 111 S. Ct. 453, 112 L.Ed.2d 435 (1990)).

Petitioner has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way of filing a timely habeas petition. Although he maintains that he had trouble acquiring the transcript of trial, exhibits to the habeas petition indicate that Petitioner did not ask the trial court for a copy of the transcript until July 26, 2004. By then, the statute of limitations had already run. Furthermore, Petitioner is raising the same issue here that he raised in state court. He has not shown that he needed the transcript of trial to file his habeas petition.

### III. CONCLUSION

Petitioner's claim is barred from substantive review by the one-year statute of limitations, and equitable tolling of the limitation period is not warranted or appropriate. Accordingly, Respondent's Motion to Dismiss [Docket No. 8, filed May 14, 2009] is **GRANTED**, and the habeas corpus petition [Docket No.1, Aug. 27, 2008] is **DISMISSED** with prejudice for failure to comply with the statute of limitations.

Reasonable jurists would not debate whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right.[2] The Court therefore declines to issue a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000). Petitioner nevertheless may proceed *in forma pauperis* on appeal.

|  | S/Denise Page Hood |
|---|---|
|  | Denise Page Hood |
| Dated: October 30, 2009 | United States District Judge |

---

[2] The Supreme Court has not held that due process requires the giving of jury instructions on lesser-included offenses in non-capital cases. *See Beck v. Alabama*, 447 U.S. 625, 638 n.14, 110 S. Ct. 2382, 65 L.Ed.2d 392 (1980).

4

    I hereby certify that a copy of the foregoing document was served upon Clinton Reese, Reg. No. 130792, Thumb Correctional Facility, 3225 John Conley Drive, Lapeer, MI 48446 and counsel of record on October 30, 2009, by electronic and/or ordinary mail.

                                                 S/William F. Lewis
                                                 Case Manager